ACCEPTED
12-15-00237-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/9/2015 2:30:50 PM
Pam Estes
CLERK

## NO. 12-15-00237-CR

## IN THE

## TWELFTH COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
12/9/2015 2:30:50 PM
PAM ESTES
Clerk

## SITTING AT TYLER, TEXAS

_____

## APRIL ALLISON POWERS,
### Appellant,

## v.

## THE STATE OF TEXAS,
### Appellee.

_____

## Appealed from the 145TH Judicial District Court of Nacogdoches County, Texas
### Trial Court No. F1421312

## APPELLANT'S BRIEF

Noel D. Cooper
Texas Bar No. 00796397
LAW OFFICES OF NOEL D. COOPER
117 North St., Suite 2
Nacogdoches, Texas 75961
Telephone: (936) 564-9000
Telecopier: (936) 715-6022
Email: noelcooper@noelcooper.com
ATTORNEY FOR APPELLANT,
APRIL ALLISON POWERS

ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES & COUNSEL

Appellant certifies that the following is a complete list of the parties, attorneys, and any other person who has any interest in the outcome of this lawsuit:

Noel D. Cooper
Texas Bar No. 00796397
LAW OFFICES OF NOEL D. COOPER
117 North St., Suite 2
Nacogdoches, Texas 75961
Telephone: (936) 564-9000
Telecopier: (936) 715-6022
Email: noelcooper@noelcooper.com
ATTORNEY FOR APPELLANT,
APRIL ALLISON POWERS

Carolyn Ann Gilcrease
State Bar No. 24053934
Nacogdoches County District Attorney
101 W. Main, Suite 250
Nacogdoches, Texas 75961
Telephone: (936) 560-7766
Fax: (936) 560-6036
Email: cgilcrease@co.nacogdoches.tx.us
ATTORNEY FOR APPELLEE

APRIL ALLISON POWERS
TDCJ-ID # 02003575
Marlin Unit
2893 State Highway 6
Marlin, TX 76661-6588
APPELLANT

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL................................................................ 2

TABLE OF CONTENTS.................................................................................... 3

INDEX OF AUTHORITIES ............................................................................... 4

STATEMENT OF THE CASE ............................................................................ 6

ISSUES PRESENTED ...................................................................................... 7

STATEMENT OF FACTS.................................................................................. 7

SUMMARY OF THE ARGUMENT...................................................................13

ARGUMENT AND AUTHORITIES.................................................................14

    Issue 1:         Is the offense of Vehicle Involved in Accident unconstitutional on its face?...................................14

    Issue 2:         Is the offense of Vehicle Involved in Accident unconstitutional as Applied to Appellant? ............14

    Issue 3:         Was the evidence is legally sufficient to support the jury's finding that Appellant committed the offense of Vehicle Involved in Accident? ........................................................19

CONCLUSION................................................................................................ 22

PRAYER ........................................................................................................ 23

CERTIFICATE OF COMPLIANCE................................................................. 24

CERTIFICATE OF SERVICE.......................................................................... 25

APPENDIX ..................................................................................................... 26

# INDEX OF AUTHORITIES

**Case Law**

*Barnes v. State, 876 S.W.2d 316*
(Tex. Crim. App. 1994)......................................................................20

*Bowden v. State, 172 Tex. Crim. 578, 361 S.W.2d 207*
(Tex. Cr. App. 1962) ...................................................................21, 22

*Brooks v. State, 323 S.W.3d 893*
(Tex. Crim. App. 2010) ....................................................................19

*Conner v. State, 67 S.W.3d 192*
(Tex. Crim. App. 2001) ....................................................................20

*Ex parte Lo, 424 S.W.3d 10*
(Tex. Crim. App. 2014)......................................................................14

*Gollihar v. State, 46 S.W.3d 243*
(Tex. Crim. App. 2001) ....................................................................20

*Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489*
102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) .............................................17

*Jackson v. Virginia. 443 U.S. 307*, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979) ...........................................................................................19

*King v. State, 29 S.W.3d 556*
(Tex. Crim. App. 2000)......................................................................19

*Malik v. State, 953 S.W.2d 234*
(Tex. Crim. App. 1997)......................................................................20

*Penagraph v. State, 623 S.W.2d 341*
(Tex. Crim. App. 1981) ....................................................................20

*State v. Holcombe, 187 S.W.3d 496*
(Tex. Crim. App. 2006)......................................................................15

*Watson v. State*, 369 S.W.3d 865

  (Tex. Crim. App. 2012)................................................................15

**Statutes**

TEX. CIV. PRAC. & REM. CODE

  Section 74.151.................................................................... 18

TEX. PENAL CODE

  Section 1.07 .......................................................................21
  Section 6.04 ................................................................17, 22

TEX. TRANS. CODE

  Section 550.021................................................................ 16, 21
  Section 550.023 ........................................................ 16, 18, 21

## NO. 12-15-00237-CR

## APRIL ALLISON POWERS,
Appellant,

## v.

## THE STATE OF TEXAS,
Appellee.

## APPELLANT'S BRIEF

COMES NOW, Noel D. Cooper, court-appointed counsel for Appellant, April Allison Powers, in the above numbered cause, and files this Appellant's Brief and would show this Honorable Court as follows:

## STATEMENT OF THE CASE

*Nature of the Case.* Appellant was charged by indictment with two counts of Vehicle Involved in Accident under TEX. TRANS. CODE §550.021a third degree felony. The range of punishment was raised to that of a habitual offender under TEX. PENAL CODE §12.42(d). The case was filed in the 145TH District Court under Cause Number F1421312.

*Course of Proceedings.* On May 11, 2015, a jury was selected, and evidence was opened and closed on May 12, 2015. Arguments were heard on May 13, 2015. The punishment hearing was held on June 11, 2015.

*Trial Court Disposition.* The jury found Appellant guilty of one count of Vehicle Involved in Accident. Appellant pleaded not true to the

enhancement paragraphs and the trial court assessed punishment at 25 years in the Institutional Division of the Texas Department of Criminal Justice.

## ISSUES PRESENTED

Issue 1:  Is the Vehicle Involved in Accident statute unconstitutional on its face?

Issue 2:  Is the Vehicle Involved in Accident statute unconstitutional as applied to Appellant?

Issue 3:  Was the evidence is legally sufficient to support the jury's finding that Appellant committed one count of Vehicle Involved in Accident?

## STATEMENT OF FACTS

### *Trial on the Merits*

### *Raymond Read*

Raymond Read was a police officer employed by the Nacogdoches Police Department. RR 3:15. He was on duty on October 20, 2014, and he responded to a one-car accident involving a pickup truck which had struck a telephone pole. RR 3:17. Sitting behind the steering wheel of the truck was a man who identified himself as Billy Pleasant and said that he had been driving the vehicle. RR 3:18. However, through witnesses he

determined that a black female had been driving the truck. RR 3:18. After confronting Billy with the conflicting stories of the witnesses, Billy changed his story and said that April Powers had been operating the truck. RR 3:18-19. Mr. Read was unsure if Billy was injured, but another passenger, Willie Pleasant who had left the accident scene, returned and had a cut on his chin and appeared in need of medical attention. RR 3:19-20. Willie was transported to the hospital via EMS. RR 3:20. April Powers was gone before he arrived, and she never showed back up. RR 3:21. At the hospital, he arrived and saw a physician sewing up Willie's chin and lip. RR 3:21. Billy arrived at the hospital later, and Mr. Read could see a goose egg on his forehead. RR 3:22.

Billy never requested medical attention. RR 3:27. Willie showed up after EMS arrived, and he was seen by EMS. RR 3:29. Billy Pleasant was not transported to the hospital by EMS, and he was not demanding medical treatment at the accident scene. RR 3:32. According to the information available, Willie Pleasant left the scene voluntarily under his own power. RR 3:32. Witnesses reported that this was an accident in which the driver door came open and the driver fell to the ground. RR 3:32-33. Mr. Read believed that a driver of a vehicle involved in an accident was required to stay at the scene until they could be seen by medical personnel or

transported. RR 3:33. It appeared that Willie Pleasant was in need of medical attention. RR 3:34.

### *Tammatha Ruffin*

On October 20, 2014, Ms. Ruffin heard a truck crash into a pole. RR 3:43. She had seen Appellant driving that truck earlier in the day. RR 3:44. When she got to the truck, it was occupied by Billy and Willie. RR 3:46. Ms. Ruffin did not see Appellant when she arrived at the crash scene. RR 3:47. Ms. Ruffin eventually clarified that Willie was not in the truck at the time of the accident but was walking. RR 3:49. Appellant might have been yelling to call 9-1-1. RR 3:49.

### *Billy Gene Douglass*

On October 20, 2014, Mr. Douglass heard a vehicle coming down the road and thought that it was going to have a wreck because it was going fast. RR 3:53. He saw the truck approaching on Chandler, and when it started to make a left hand turn the driver door flew open and the Appellant fell out. RR 3:53-54. The truck hit a light pole by Mr. Douglass's house, and Appellant approached the remaining occupants in the truck and asked them if they were okay. RR 3:54-55. Mr. Douglass heard Appellant tell the men in the truck that she could not stay because she had an arrest warrant. RR 3:55. Appellant ran away from the scene, and he never heard her call for

9-1-1. RR 3:55-56. Billy and Willie were still in the truck when Appellant left. RR 3:56.

### Lyndon Pleasant

Lyndon was Billy's son. RR 3:68-69. Lyndon was informed that his father had been in an accident, and he found Billy's truck at the corner of Meizenheimer and Chandler Street, RR 3:69. Billy had a knot on his head, and someone had bled in the truck. RR 3:70-71. Willie was Billy's nephew. RR 3:71. Willy was in the truck with Lyndon's cousin Fay. RR 3:71. Fay said that she was going to take Willie to the hospital. RR 3:71. Billy wanted to have his truck towed, so Lyndon took Billy home. RR 3:72. Billy had some groceries that he wanted put up. RR 3:72-73. Billy complained about his head when he was put into the car. RR 3:73. Billy passed away three or six months after the accident. RR 3:74. When Lyndon arrived at the accident scene, Billy wanted to go to the hospital, but he also was trying to crank the truck, too. RR 3:80. Lyndon could not remember if an ambulance was at the scene before he arrived. RR 3:81.

### Willie D. Pleasant

On October 20, 2014, Willie, a Houston resident, was in Nacogdoches for a funeral. RR 3:84. On the date of the accident, he got into the truck with Appellant and Billy because Billy was going to sell some scrap metal.

RR 3:85. Appellant was driving Billy's truck, she struck a pole and jumped out just before. RR 3:87. Willie struck his mouth and chin, and at the time of trial still had no feeling in his mouth. RR 3:87-88. The skin of his chin was actually hanging down, and his lip had to be tied up. RR 3:88-89. After the impact, he did not hear Appellant say anything. RR 3:89. Appellant left the truck before Willie, and he exited the truck and walked to his sister's house who gave him a towel to put on his face. RR 3:91. He then walked back to the accident so he could be put into the ambulance. RR 3:91. The only thing he could remember for certain about the accident is that his chin was injured. RR 3:99. Willie did not say anything to anyone while he was in the truck because he could not talk. RR 3:102. There were many people around the truck when he got out, and no one tried to help him. RR 3:103.

### *Ryan Ball*

Ryan Ball was a detective with the Nacogdoches Police Department. RR 3:108-09. Billy's truck was a total loss. RR 3:114.

### *April Powers*

Appellant took the stand in her own defense. RR 3:123. Appellant was acting as a caregiver for Billy. RR 3:125. Billy's truck was a 1982 or 1983 model, and it had trouble with the carburetor sticking as well as the driver's side door not staying closed. RR 3:133-34. Appellant was thrown out of the

truck approaching a turn. RR 3:134. After being thrown from the truck, Appellant slid on the concrete and then ran for the truck. RR 3:134. Billy had taken the driver's place in the truck and was trying to crank it. RR 3:134-35. Billy told her that he was fine, but he was mad and upset. RR 3:135. While talking to Billy, Willie got out of the truck, and she saw a man she believed to be Mr. Douglass and Tamatha Pleasant approaching and she told them to call 9-1-1. RR 3:136. Billy did not have any obvious injuries, and he did not seem confused. RR 3:136. Willie was already getting out of the truck at the time she got back to the truck and started talking to Billy. RR 3:137-38. She was still at the scene when Willie came back, and Jessica was on the phone with 9-1-1. RR 3:138-39. Appellant could tell that Willie needed medical attention when he was walking back to the wreck, but not when she first got back to the truck. RR 3:139. She took towels to Willie for his face, and she knew that 9-1-1 had been called. RR 3:140. Appellant could hear sirens approaching when she left the scene. RR 3:141. Neither Appellant, Billy, nor Willie had a cell phone on the day of the accident, and she heard Jessica Lewis tell the 9-1-1 operator that there had been an accident and there was a bleeding person. RR 3:155-56.

*Punishment Hearing*

*Raymond Read*

Mr. Read again testified during sentencing. RR 5:6. He testified that Willie was not on the scene when Mr. Read arrived, and when Willie returned to the scene EMS had already arrived and then started looking at him. RR 5:7. If EMS had not been on the scene, he would have applied pressure to Willie's chin. RR 5:7. Mr. Read was on the accident scene for approximately ten minutes before Willie returned. RR 5:9. He did not think that Willie's chin was a life-threatening situation. RR 5:11.

### *Gary Brittain*

Gary Brittain, an investigator for the Nacogdoches County Attorney's Office, had had training in fingerprint identification. RR 5:16-17. Mr. Brittain testified that Appellant had a final conviction for burglary of a habitation in cause number 5325-93-3. RR 5:20-21. He also testified that Appellant had a final conviction in cause number F10431-2002. RR 5:21-22. Mr. Brittain also testified that Appellant had a final conviction for credit card abuse. RR 5:22-23.

## SUMMARY OF THE ARGUMENT

Appellant's first and second issues are that the statute under which she was convicted is unconstitutional. The statute is unconstitutionally vague, and Appellant was not under any notice as to what conduct was prohibited or what conduct was required.

Appellant's third issue is that the evidence was not legally sufficient to support a finding that Appellant was guilty of Vehicle Involved in Accident. Based on the evidence introduced at trial, the jury could not have concluded that Appellant failed to comply with the requirements of Sections 550.021 and 550.023 of the Texas Transportation Code, and specifically that Appellant failed to provide reasonable assistance to Willie Pleasant. More than 50 years ago, the Court of Criminal Appeals determined that a person could not be convicted for failure to stop and render aid for not giving assistance to an injured person who was aided by others. There was no assistance that Appellant could have provided, no actions required under the code, which were not provided or done by others.

## ARGUMENT AND AUTHORITIES

***Issue 1: Is the Vehicle Involved in Accident statute unconstitutional on its face?***

***Issue 2: Is the Vehicle Involved in Accident statute unconstitutional as applied to Appellant?***

### Argument & Authorities

#### *Standard of Review*

"When the constitutionality of a statute is attacked, we usually begin with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. The burden normally rests upon the person challenging the statute to establish its unconstitutionality." *Ex parte*

*Lo*, 424 S.W.3d 10, 14-15 (Tex. Crim. App. 2014). "Terms not defined in a statute are to be given their plain and ordinary meaning, and words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite." *Watson v. State*, 369 S.W.3d 865, 870 (Tex. Crim. App. 2012).

> It is a basic principle of due process that a statute is void for vagueness if its prohibitions are not clearly defined. The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not permit arbitrary and discriminatory enforcement. Although a statute is not impermissibly vague because it fails to define words or phrases, it is invalid if it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited. Moreover, where, as here, a statute does not substantially implicate constitutionally protected conduct or speech, it is valid unless it is impermissibly vague in all applications.

*State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006).

### *Section 550.023 is unconstitutionally vague as it applies to Appellant.*

Appellant was prosecuted under a statute titled "Accident Involving Personal Injury or Death" which provides the following:

> The operator of a vehicle involved in an accident that results or is reasonably likely to result in injury to or death of a person shall:
> (1) immediately stop the vehicle at the scene of the accident or as close to the scene as possible;
> (2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident;

(3)  immediately determine whether a person is involved in the accident, and if a person is involved in the accident, whether that person requires aid; and
(4)  remain at the scene of the accident until the operator complies with the requirements of Section 550.023.

TEX. TRANS. CODE §550.021(a). Section 550.023 which is referenced provides the following:

The operator of a vehicle involved in an accident resulting in the injury or death of a person or damage to a vehicle that is driven or attended by a person shall:
(1)  give the operator's name and address, the registration number of the vehicle the operator was driving, and the name of the operator's motor vehicle liability insurer to any person injured or the operator or occupant of or person attending a vehicle involved in the collision;
(2)  if requested and available, show the operator's driver's license to a person described by Subdivision (1); and
(3)  **_provide any person injured in the accident reasonable assistance_**, including **_transporting or making arrangements for transporting_** the person to a physician or hospital for medical treatment if it is apparent that treatment is necessary, or if the injured person requests the transportation.

TEX. TRANS. CODE §550.023 (emphasis added). "Reasonable assistance" is not defined by the statute or by Chapter 550. TEX. TRANS. CODE §550.023 *passim*; TEX. TRANS. CODE Chapter 550 *passim*.

"A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before

analyzing other hypothetical applications of the law." *[Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489](#)*, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). As discussed above in her statement of facts, the truck driven by Appellant would not start and had to be towed, RR 3:72, and another person had already called an ambulance. RR 3:151. Using the examples provided in Section 550.023, Appellant would have been unable to transport Willie to the hospital because the truck she had been driving was inoperable, and an ambulance had already been called by another person. There is no way that Appellant could have been on notice that there were additional steps necessary after the accident.

Further, what harm could have occurred *after* the accident based on Appellant's actions or inactions? Assuming that Willie was injured in the *accident*, none of Appellant's actions or inactions led to any additional harm *after* the accident. "A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." TEX. PENAL CODE §6.04(a). There was no evidence that any of Appellant's actions after the accident did anything to harm or exacerbate existing harm to Willie. RR 3:*passim*, 4:*passim*.

### *Section 550.023 is unconstitutionally vague on its face.*

The Texas Legislature could have defined "reasonable assistance" but chose not to do so. Instead, it gave two examples which both dealt with transportation. TEX. TRANS. CODE §550.023(3). Does "reasonable assistance" mean giving treatment to an injured person after an accident? The Texas Legislature has chosen to insulate "good Samaritans" from negligence claims, TEX. CIV. PRAC. & REM. CODE §74.151(a), but the person whose negligence was the alleged cause of the accident is not shielded. TEX. CIV. PRAC. & REM. CODE §74.151(e). Does the Texas Legislature truly intend drivers to provide emergency care on the side of the road? What is a person's duty once emergency care is in route? If 9-1-1 has been called, does a person have criminal liability for not calling 9-1-1 *again* herself? None of these questions can be answered based on the working of the statute.

In conclusion, the statute does not define "reasonable assistance," and neither Appellant nor any person is in any position to understand exactly what her duties are. Consequently, there arises a prosecution such as this where Appellant's actions, while possibly deplorable, nevertheless could not have resulted in any harm to anyone. Thus, this Court should find that the Statute is unconstitutional, reverse the jury's verdict, and render a verdict of acquittal.

***Issue 3: Was the evidence is legally sufficient to support the jury's finding that Appellant committed Vehicle Involved in Accident?***

Argument & Authorities

*Standard of Review*

Legal sufficiency of the evidence "is an essential of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia.* 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), overruled on other grounds by *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct 851; 130 L.Ed 2d 808 (1995). The standard of review is whether, when viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id.* at 319; *King v. State,* 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). This standard is the only standard that a reviewing court will apply in determining whether the evidence is sufficient to support each element of the offense which the State is required to prove beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The appellate court will consider all evidence admitted, whether proper or improper.

"Every fact need not point directly or independently to the defendant's guilt [citation omitted]. A conclusion of guilt can rest on the combined cumulative for of all incriminating circumstances." *Conner v. State, 67 S.W.3d 192*, 197 (Tex. Crim. App. 2001). The jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to that testimony. *Barnes v. State, 876 S.W.2d 316*, 321 (Tex. Crim. App. 1994); *Penagraph v. State, 623 S.W.2d 341*, 343 (Tex. Crim. App. 1981).

Legal sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge, one that "accurately sets out the law, is authorized by the indictment, does not necessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik v. State, 953 S.W.2d 234*, 240 (Tex. Crim. App. 1997). The charge should not merely quote the elements of the offense listed in the statute, but should list the statutory elements "as modified by the charging instrument." *Gollihar v. State, 46 S.W.3d 243*, 254 (Tex. Crim. App. 2001). "A hypothetically correct charge has its basis in the indictment allegations." *Id.* at 255.

### *The evidence was not legally sufficient to support a conviction for Vehicle Involved in Accident.*

An "omission" is defined in the Penal Code as a failure to act. TEX. PENAL CODE § 1.07(a)(34). Appellant was charged with Vehicle Involved in Accident. CR 6. A person commits Vehicle Involved in Accident if she drives a vehicle involved in an accident which results in an injury to a person and, knowing that an accident occurred, intentionally or knowingly failed to render reasonable assistance to a person who was involved in an accident when it was apparent that the injured person was in need of medical treatment. TEX. TRANS. CODE §§ 550.021, 550.023. As discussed above, the vehicle Appellant had been driving was inoperable, and 9-1-1 had been called and an ambulance arrived at the scene and transported Willie to the hospital. There was no evidence that Appellant had another vehicle at the scene of the accident available to take Willie to the hospital.

Moreover, this issue has already been resolved by the Texas Court of Criminal Appeals. *Bowden v. State*, 172 Tex. Crim. 578, 361 S.W.2d 207 (Tex. Cr. App. 1962)(analyzing former TEX. REV. CIV. STAT. ANN. art. 6701d, §§ 38, 40 (West 1977), repealed by Acts 1995, 74th Leg., ch. 165, sec. 24(a), eff. Sept. 1, 1995). In *Bowden*, the Court of Criminal Appeals analyzed a conviction under the predecessor statutes to Sections 550.021 and 550.023 under remarkably similar facts. *Id.* at 207-08. The *Bowden* court

determined that failing to do for an injured party what was done for others would not be criminal. *Id.* at 208. There is no evidence that Appellant could have rendered any additional assistance to Willie at the scene of the accident that was not done by others. In other words, there was no causation. Applying Section 6.04 of the Texas Penal Code to the facts act hand, no jury could have decided that *but for* Appellant's failure to personally call 9-1-1, that her duties under Section 550.023 had not been satisfied. *See* TEX. PENAL CODE §6.04(a). The officer who responded to the scene testified that Willie was applying pressure to his chin, and that the witness would have done the same thing to Willie if Willie had not been doing do. RR 5: 12-13. There was no evidence that Willie needed any additional care that Appellant could have provided. The Texas Legislature could have required a party to provide medical care, but it did not. Thus, the evidence is not legally sufficient to support a conviction for this offense, and the decision of the trial court should be reversed.

## CONCLUSION

This appeal arose out of an *accident*. This is important, because the Appellant and the victims all knew one another. Appellant did not set out to injure Willie or anyone else, and she was not a medical professional. Billy's truck stopped working, 9-1-1 was called, and an ambulance sent to the

scene. So far, this is a typical auto accident stemming from a person's negligence.

This is a really simple case. The State alleged that Appellant violated Section 550.021 of the Texas Transportation Code not because the duties of Section 550.023 of the Texas Transportation Code were not satisfied, but because they were not satisfied by Appellant. "Reasonable assistance" insofar as could be provided *was* provided. That the result in this matter could have hinged on Appellant's calling 9-1-1 *again* is a perverse result. The authorities were contacted, and Appellant could not have done anything else for Willie Pleasant. Appellant was in no position to personally transport Willie anywhere, and he was ultimately transported by an Ambulance. There was no testimony that, by not calling 9-1-1 a second time, Willie suffered any other harm beyond his injuries in the accident.

**PRAYER**

Appellant prays that the Court reverse the judgment of the trial court convicting her of vehicle involved in accident and render a verdict of acquittal. Appellant prays for any further relief to which she is entitled.

Respectfully submitted,

/s/Noel D. Cooper
Noel D. Cooper
Texas Bar No. 00796397
LAW OFFICES OF NOEL D. COOPER
117 North St., Suite 2
Nacogdoches, Texas 75961
Telephone: (936) 564-9000
Telecopier: (936) 715-6022
ATTORNEY FOR APPELLANT,
APRIL ALLISON POWERS

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), I certify that this document is computer generated and contains 3,797 words based on a computer word count.

/s/Noel D. Cooper
NOEL D. COOPER

## CERTIFICATE OF SERVICE

I certify that I delivered a copy of this Appellant's Brief to each attorney of record or party in accordance with the Texas Rules of Appellate Procedure on December 9, 2015, at the addresses and manners below.

Carolyn Ann Gilcrease
State Bar No. 24053934
Nacogdoches County District Attorney
101 W. Main, Suite 250
Nacogdoches, Texas 75961
Telephone: (936) 560-7766
Fax: (936) 560-6036
Email: cgilcrease@co.nacogdoches.tx.us
**Via Electronic Service**

/s/Noel D. Cooper
Noel D. Cooper
Attorney for April Allison Powers

**NO. 12-15-00237-CR**

**APRIL ALLISON POWERS,**
**Appellant,**

**v.**

**THE STATE OF TEXAS,**
**Appellee.**

---

## APPELLANT'S APPENDIX

---

## LIST OF DOCUMENTS

1.     Former TEX. REV. CIV. STAT. ANN. art. 6701d,
§§ 38, 40 (West 1977), repealed by Acts 1995,
74th Leg., ch. 165, sec. 24(a), eff. Sept. 1, 1995 ........................ Exhibit 1

### Interference with official traffic-control devices or railroad signs or signals

Sec. 37. No person shall without lawful authority attempt to or in fact alter, deface, injure, knock down, or remove any official traffic-control device or any railroad sign or signal or any inscription, shield, or insignia thereon, or any other part thereof.

## ARTICLE IV—ACCIDENTS

### Accidents involving death or personal injuries

Sec. 38. (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 40. Every such stop shall be made without obstructing traffic more than is necessary.

(b) Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished by imprisonment in the penitentiary not to exceed five (5) years or in jail not exceeding one (1) year or by fine not exceeding Five Thousand ($5,000.00) Dollars, or by both such fine and imprisonment.

### Accident involving damage to vehicle

Sec. 39. The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of such accident until he has fulfilled the requirements of Section 40. Every such stop shall be made without obstructing traffic more than is necessary. Any person failing to stop or to comply with said requirements under such circumstances shall be guilty of a misdemeanor.

### Duty to give information and render aid

Sec. 40. The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request and if available exhibit his operator's, commercial operator's, or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle colliding with and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carry-

ing, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

### Duty upon striking unattended vehicle

Sec. 41.  The driver of any vehicle which collides with and damages any vehicle which is unattended shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle of the name and address of the driver and owner of the vehicle striking the unattended vehicle or shall leave in a conspicuous place in, or securely attached to and plainly visible, the vehicle struck a written notice giving the name and address of the driver and of the owner of the vehicle doing the striking and a statement of the circumstances thereof.

### Duty upon striking fixtures upon a highway

Sec. 42.  The driver of any vehicle involved in an accident resulting only in damage to fixtures legally upon or adjacent to a highway shall take reasonable steps to locate and notify the owner or person in charge of such property of such fact and of his name and address and of the registration number of the vehicle he is driving and shall upon request and if available exhibit his operator's, commercial operator's, or chauffeur's license, and shall make report of such accident when and as required in Section 44 hereof.

### Immediate reports of accidents

Sec. 43.  The driver of a vehicle involved in an accident resulting in injury to or death of any person shall immediately by the quickest means of communication give notice of such accident to the local police department if such accident occurs within a municipality, otherwise to the office of the county sheriff or the nearest office of the Texas Highway Patrol.

### Investigation of accidents

Sec. 43A.  Upon notification of a law enforcement officer by the driver of a vehicle involved in an accident resulting in injury to or death of any person, or total property damage to an apparent extent of Fifty Dollars ($50) or more, the officer may investigate the accident and file any justifiable charges relating thereto without regard to whether the accident occurred on a public street or highway or other public property, on a road owned and controlled by any water control and improvement district, whether or not a fee is charged for the use of the road, or on private property commonly used by the public such as supermarket or shopping center parking lots, parking

32